[Dkt. Ent. 18]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

ROBERT KEELER,

    Plaintiff,

        v.

CITY OF HAMMONTON, et al.,

    Defendants.

Civil No. 11-cv-02745 (RMB/JS)

MEMORANDUM ORDER

Before the Court is Defendants' motion for partial summary judgment and summary judgment for the public entities (Dkt. Ent. 18). On October 11, 2013, the Court heard oral argument on Defendants' motion during which time it granted in part Defendants' motion but reserved decision as to Plaintiff's claims of malicious prosecution[1] and violation of Plaintiff's due process rights through imposition of excessive bail. The Court now addresses those claims and GRANTS summary judgment in favor

---

[1] The Court notes that malicious use of process is the civil equivalent to a malicious prosecution claim and does not apply where the underlying action was, as here, a criminal matter. See, e.g., Dunne v. Twp. of Springfield, 500 F. App'x 136, 138 (3d Cir. 2012). The Court further notes that, during oral argument, Plaintiff used the terms malicious prosecution, malicious abuse of process, and malicious use of process interchangeably. Ultimately, Plaintiff conceded that these were not independent claims but were in fact based upon the same conduct. Accordingly, the Court will analyze this claim as a malicious prosecution claim.

of Defendants on Plaintiff's claims for malicious prosecution claim and excessive bail.

## I. BACKGROUND

On the evening of April 8, 2009, Plaintiff and his brother walked to a Hammonton Sunoco gas station with the intention to break into the air machine located on the property and steal the money contained therein. (Defs.' Statement of Material Facts ("DSMF"), Dkt. Ent. 18-1 ¶¶ 1-2; Pl.'s Response to Defs.' Asserted Statement of Material Facts ("PRSMF"), Dkt. Ent. 24 ¶¶ 1-2.) After unsuccessful attempts to kick open the machine, Plaintiff and his brother used a metal fence post to try and pry it open. (DSMF ¶¶ 4, 7; PRSMF ¶¶ 4, 7.) Soon thereafter Defendant Officer Jones arrived on the scene prompting Plaintiff and his brother to take off running. (DSMF ¶¶ 8-10; PRSMF ¶¶ 8-10.) Plaintiff ignored Officer Jones' warnings to stop running. (Id.) At some point, other officers arrived on the scene including Officer Percodani with his K-9, Diego.

At this juncture, the parties' accounts diverge. In essence, Plaintiff contends that after he ultimately surrendered and laid down on the ground, the officer Defendants released Diego to attack Plaintiff and also began to punch and kick Plaintiff. (PRSMF ¶ 12.) Defendants contend that Plaintiff physically resisted arrest requiring the application of mechanical force in the form of Diego as well as physical force.

2

(DSMF ¶ 12.) Plaintiff's brother eluded police and returned home, but later turned himself into the police.

Plaintiff was charged with resisting arrest, criminal mischief, purposeful infliction of harm on an animal used by a law enforcement official, criminal attempt, theft by unlawful taking, and the use of burglary tools. (DSMF ¶ 13; PRSMF ¶ 13.) The Honorable Frank M. Raso set bail for both brothers at $50,000, with no ten percent option. (DSMF ¶ 14; PRSMF ¶¶ 13, 14; see also Ex. B to Defs.' Motion for Summary Judgment ("Defs.' Mot."), Dkt. Ent. 18-3, at 1-2.) Both Plaintiff and his brother remained in custody for approximately fourteen days before entering guilty pleas. (PRSMF ¶ 13; Ex. E to Defs.' Mot. at 5, 13.) Plaintiff pled guilty to the criminal mischief charge. (Ex. F to Defs.' Mot.)

## II. MALICIOUS PROSECUTION

"To prove a claim for malicious prosecution brought under 42 U.S.C. § 1983, a plaintiff must satisfy each of the following five elements: '(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" Minatee v.

Phil. Police Dep't, 502 F. App'x 225, 227 (3d Cir. 2012) (quoting Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009)). A key element to a malicious prosecution claim is that the underlying proceeding terminated in the plaintiff's favor. Mondrow v. Selwyn, 412 A.2d 447, 450 (N.J. Sup. Ct. App. Div. 1980) ("All authorities agree that a favorable termination of the criminal proceeding is elemental to the maintenance of the cause of action.") (citing cases). Accordingly, "a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner [that is] not indicative of the innocence of the accused." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009).

It is clear from the record that the underlying criminal charges were resolved by plea agreement. Plaintiff agreed to plead guilty to a charge of malicious damage of property in exchange for which the prosecutor agreed to dismiss the other criminal charges. (See, e.g., Ex. F to Defs.' Mot.; Ex. E to Defs.' Mot. at 7.) Plaintiff now attempts to characterize those other charges as having been voluntarily dismissed by the prosecutor but not as part of the plea agreement. The Court finds this argument to be disingenuous and contradicted by the clear evidence submitted to the Court. During the plea colloquy, Keeler's attorney acknowledged that Keeler, and his brother who was also involved in the underlying events, had entered into

plea agreements under which they pled guilty to one charge and the remaining charges would be dismissed. (Ex. E to Defs.' Mot. at 2 ("We've entered into a plea bargain whereby they're each pleading guilty to one count of 2C:17-3, malicious damage to property, and that the remaining charges will all be dismissed.").) Judge Raso later stated in no uncertain terms that he was dismissing the remaining charges "per your plea agreement with the Prosecutor." (Id. at 7.) The Charge Disposition Inquiry documents confirm disposition as part of the plea agreement. (Ex. F to Defs.' Mot.) Further, Plaintiff admits to this fact. (See PRSMF ¶ 17 (admitting that the remaining charges were dismissed as part of the plea agreement).) Therefore, because the other charges were dismissed as part of the plea agreement, Plaintiff cannot establish that the underlying action terminated in his favor and thus cannot prove a malicious prosecution claim at trial. See White v. Brown, 408 F. App'x 595, 599 (3d Cir. 2010) ("That the dismissal of those charges resulted from White's plea agreement with the prosecution, and not his innocence, means that he cannot establish favorable termination for purposes of a § 1983 action for malicious prosecution."); Marable v. West Pottsgrove Twp., 176 F. App'x 275, 281 n.1 (3d Cir. 2006) ("A prosecutor's decision to drop charges as part of a compromise with the accused does not amount to a 'favorable termination' of state

5

proceedings for purposes of permitting the accused to maintain a subsequent claim under § 1983 for malicious prosecution." (citing Hilfirty v. Shipman, 91 F.3d 573, 580 (3d Cir. 1996))); McGann v. Collingswood Police Dep't, No. 10-3458, 2012 WL 6568397, at *7 (D.N.J. Dec. 17, 2012) ("Thus, even '[i]f the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983.'" (quoting Pittman v. Metuchen Police Dep't, No. 08–2372, 2010 WL 4025692, at *7 (D.N.J. Oct. 13, 2010))); Mondrow, 412 A.2d at 384-85 ("Having compromised for his peace in the criminal proceeding, the accused may not later contend that the proceedings terminated in his favor.").

The Court's decision does not conflict with the cases relied upon by Plaintiff, all of which are factually distinct. For example, in Kossler v. Crisanti, 564 F.3d 181, 185 (3d Cir. 2009), and Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989), the plaintiffs had been acquitted of some charges but convicted of others. After determining that an acquittal constituted favorable termination because it indicated the plaintiff's innocence of those charges, the courts went on to evaluate whether a malicious prosecution claim could be sustained in light of the contemporaneous convictions on other charges. See

Kossler, 564 F.3d at 188; Janetka, 892 F.2d at 189-90. This is not the situation here.

As explained above, the allegedly false charges were dismissed as part of Plaintiff's plea agreement. It is axiomatic that "a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused." Kossler, 564 F.3d at 187. Dismissal as part of a plea does not suggest Plaintiff's innocence of those charges. In fact, Uboh v. Reno, 141 F.3d 1000 (11th Cir. 1998), another case on which Plaintiff relies, suggests as much. There, the court found that a prosecutor's unilateral dismissal of charges constituted a favorable termination. 141 F.3d at 1006. Significantly, the court noted that the prosecutor's withdrawal of the charges was done "in the absence of any agreement or compromise involving Uboh." Id. at 1005; see also id. at 1006 ("It is worth noting that the charges involved in this action were not dismissed pursuant to any agreement among the parties . . . ."). Accordingly, even assuming that the dismissed charges here can be divorced from the property damage conviction, they still cannot form the basis of Plaintiff's malicious prosecution claim because they were dismissed as part of the plea agreement.

Plaintiff also argues that law enforcement officials should not be permitted to pile on the charges so as to induce a

criminal defendant to plea to a lesser offense and then use the fact that the defendant pled to one of the charges to preclude a § 1983 claim related to the other charges. At first blush, this is an appealing argument—police officers should not be permitted to engage in such conduct with impunity. Upon scrutiny of Plaintiff's argument, however, it becomes clear that a criminal defendant faced with the choice of entering a plea that disposes of those false charges can simply reject the plea agreement and proceed to trial on the spurious charges. Once the defendant is acquitted, he will have a solid § 1983 case against the officers who tacked on the false charges.[2]

Furthermore, this does not appear to be a case wherein the police added significant unwarranted charges so as to entice Plaintiff to accept a plea. Plaintiff admits that he attempted to break into the air machine using a pipe so as to steal the contents, and then he fled from police before he was ultimately apprehended.

---

[2] Defendants argue that the malicious prosecution claim is independently barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because succeeding on this claim necessarily undermines the validity of Plaintiff's conviction for malicious damage to property, which was obtained as part of a plea agreement dismissing the other charges. See also Marable v. West Pottsgrove Twp., 176 F. App'x 275, 281 (3d Cir. 2006) (finding Heck barred the plaintiff's recovery because "an award of damages pursuant to the malicious prosecution claim would require a finding that the state proceedings ended favorably for [the plaintiff], despite his conviction and sentence"). In light of its above analysis, the Court need not reach this argument.

Accordingly, the Court grants summary judgment to Defendants on Plaintiff's malicious prosecution claim.

## III. EXCESSIVE BAIL

Plaintiff also brings a claim against the Police Officer Defendants, Richard Jones, Tom Percodani, and Jay Pinto, based upon the imposition of purportedly excessive bail. As an initial matter, Plaintiff was unable to articulate the basis or scope of this claim and the Court endeavored to understand it. Plaintiff's claim appears to be premised on allegations that the police officer defendants provided false information supporting falsified charges to the judge in order to obtain unwarranted bail, "which caused plaintiff to serve fourteen days in jail for an offense that would have presumptively not resulted in any incarceration." (Pl.'s Opp. 18.) Thus, because of the allegedly excessive bail, Plaintiff was effectively deprived of his liberty without due process of law.

The Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against excessive bail is applicable to the states through the due process clause of the Fourteenth Amendment. See Sistrunk v. Lyons, 646 F.2d 64, 70 (3d Cir. 1981). Accordingly, the Eighth Amendment provides the relevant standards for

evaluating Plaintiff's claim. See Martin v. Diguglielmo, 644 F. Supp. 2d 612, 623 (2008) ("To the extent that Petitioner is attempting to make a substantive due process claim (separate from the substantive due process claim which incorporated the Eighth Amendment excessive bail standards that Petitioner made above), such is barred by the doctrine of [Albright v. Oliver, 510 U.S. 266 (1994), and Graham v. Connor, 490 U.S. 386 (1989)].").

Citing Reid v. Schuster, No. 05-3838, 2008 U.S. Dist. LEXIS 22113, at *18-22 (D.N.J. Mar. 19, 2008), Defendants argue that the excessive bail claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because of Plaintiff's plea agreement whereby he pled guilty to malicious damage to property in exchange for the dismissal of other allegedly false charges against him. As part of his plea, Plaintiff was sentenced to fourteen (14) days in jail, time served. (Ex. E at 3.) According to Defendants, a successful resolution of the excessive bail claim would necessarily invalidate the plea agreement, which was premised on the time served by Plaintiff, and would therefore violate Heck. Although such argument is dubious, the Court need not reach it as the Court finds that Plaintiff has failed to submit sufficient evidence demonstrating that the bail imposed by the municipal court judge was excessive. Accordingly, the Court finds that summary judgment in favor of Defendants is warranted.

In order to prevail on his excessive bail claim, Plaintiff must demonstrate that (1) bail was excessive in light of the valid state interests sought to be protected and (2) the defendants actually and proximately caused bail to be excessive. See McKnight v. Taylor, No. 12-1684, 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012) (dismissing excessive claim for failure to allege that bail was constitutionally excessive or that defendants caused it to be so); Moore v. Carteret Police Dep't, No. 13-943, 2013 WL 5554411, at *8 (D.N.J. Sept. 20, 2013) (same). The Supreme Court has held that

> The only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be "excessive" in light of the perceived evil. Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response.

United States v. Salerno, 481 U.S. 739, 754 (1987). In other words, whether bail is excessive can only be evaluated properly through the lens of the interests the State sought to protect by imposing such bail.

Here, Plaintiff submits no evidence concerning the municipal court judge's decision-making process, the factors he considered in making the bail determination, nor any evidence of the State interests the judge took into account.[3] Without this

---

[3] In fact, Plaintiff conceded at oral argument that no such evidence could be obtained as he had subpoenaed the municipal

11

evidence in the record, the Court cannot evaluate whether or not Plaintiff's bail was excessive. See Galen v. County of Los Angeles, 477 F.3d 652, 661 (9th Cir. 2007) ("We must disagree, however, with the district court's conclusion that as a matter of law Galen's '[b]ail was not excessive,' . . . for the very same reason: There is no evidentiary basis in the record to conclude one way or the other whether Galen's bail was 'excessive' under . . . the Constitution."). Thus, Plaintiff has failed to meet his burden for withstanding summary judgment.

Plaintiff explains this failure by arguing that Defendants destroyed the tape recordings of the telephone call between the judge and the officers during which bail was set at $50,000, with no ten percent option. However, the record contains no evidence of spoliation and, in fact, Plaintiff failed to establish that the Police Department is even responsible for recording these phone calls. Although Defendant Jones testified during his deposition that it was routine for any calls with a judge regarding the setting of bail to be recorded, he also stated repeatedly that he did not know anything about the recording or if there was one here. (Ex. P-1, Dkt. Ent. 24-1, at 29:18-20, 30:18-22, 31:8-21 (Jones Dep.).)

---

court judge, who stated that he could not recall what had been told to him during the call at which Plaintiff's bail was initially set. (Oct. 11, 2013 H'rg.)

Plaintiff essentially asks this Court to find that Defendants spoliated evidence simply because it was "routine" to record calls during which bail was set and no recordings of the call setting Plaintiff's bail were produced during discovery. In the absence of any facts from which the Court could infer that the evidence existed in the first place, it cannot find Defendants liable for spoliation or draw any adverse inferences from the absence of this recording. See Omogbehin v. Cino, 485 F. App'x 606, 609, 610 (3d Cir. June 20, 2012) (finding the District Court did not abuse its discretion in determining that plaintiff failed to satisfy its burden of proving spoliation); see also id. ("An adverse inference . . . does not arise when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. Rather, it must appear that there has been an actual suppression or withholding of the evidence." (internal citations and quotations omitted)).

Plaintiff contends that his bail was excessive because the New Jersey bail guidelines permitted a maximum bail of $2,500 except in special circumstances that Plaintiff contends do not apply. N.J. Stat. Ann. 2C:6-1 provides that

> No person charged with a crime of the fourth degree, a disorderly persons offense or a petty disorderly persons offense shall be required to deposit bail in

> an amount exceeding $2,500.00, unless the court finds
> that the person presents a serious threat to the
> physical safety of potential evidence or of persons
> involved in circumstances surrounding the alleged
> offense or unless the court finds bail of that amount
> will not reasonably assure the appearance of the
> defendant as required. The court may for good cause
> shown impose a higher bail; the court shall
> specifically place on the record its reasons for
> imposing bail in an amount exceeding $2,500.00.

However, the fact that Plaintiff's bail was set at an amount significantly higher than the statutory maximum—without evidence of the reasons for the increase—is insufficient to establish excessiveness. To hold otherwise would eviscerate the Supreme Court's holding in Salerno, which determined that excessiveness can only be measured against the State interests asserted. 481 U.S. at 754.[4]

In granting summary judgment on Plaintiff's excessive bail claim, the Court finds the reasoning of the Ninth Circuit in Galen v. County of Los Angeles, 477 F.3d 652 (9th Cir. 2007), to be persuasive. In Galen, the plaintiff challenged as excessive a bail enhancement sought by police officers in conjunction with

---

[4] It should also be noted that the failure to record the telephone call, or the judge's failure to set forth the reasons for his decision on the record, in violation of the procedural requirements of the New Jersey State statute, does not suffice to establish a deprivation of a federal right. See Batiz v. Brown, No. 12-581, 2013 WL 1137531, at *3 (D.N.J. Mar. 14, 2013) (citing 1 Sheldon Nahmod, Civ. Rights & Civ. Libs. Litig.: The Law of § 1983, at § 3:63 (2012)); Galen, 477 F.3d at 662 ("Nor do we accept Galen's argument that procedural violations of California bail law suffice to establish a deprivation of a federal right. Section 1983 requires Galen to demonstrate a violation of federal law, not state law.").

14

the plaintiff's arrest on a domestic violence charge. Id. at 656. In affirming the district court's grant of summary judgment, the court held that the plaintiff could not establish that his bail was excessive in the absence of evidence concerning what information was provided to the Bail Commissioner, or what factors the Commissioner considered and relied upon in setting the plaintiff's bail. Id. at 661-62. It further rejected the very same argument Plaintiff makes here – i.e., that the numeric disparity between the bail set and the statutory maximum alone is sufficient to demonstrate excessiveness:

> Galen's contentions that his bail was excessive simply because it was 2000 percent higher than the default amount for section 273.5 violations, and greater than the default amount for other, more serious crimes, are likewise unavailing. Excessiveness cannot be determined by a general mathematical formula, but rather turns on the correlation between the state interests a judicial officer seeks to protect and the nature and magnitude of the bail conditions imposed in a particular case. Without examining the relevant state interests, courts cannot determine whether bail conditions are constitutionally excessive.

Id. at 662 (citing Salerno, 481 U.S. at 754). The same reasoning applies here. Thus, Plaintiff has failed to adduce sufficient evidence to establish that the $50,000 bail was excessive in violation of his Eighth Amendment rights, and summary judgment in favor of Defendants must be granted.

FOR THESE REASONS,

**IT IS** on this, the **11th** day of **December 2013**, hereby

**ORDERED** that Defendants' motion for partial summary judgment is GRANTED as to Plaintiff's claims for malicious prosecution and excessive bail.

<pre>
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE
</pre>